UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHEWZY DOGS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JUST DOGS! BARKERY, INC., ) <br> and MARK E. KENNISON, ) <br> ) <br> Defendants. ) | Case No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Chewzy Dogs, LLC ("Chewzy Dogs"), by its attorneys, for its complaint against Defendants, Just Dogs! Barkery, Inc. and Mark E. Kennison ("Defendants"), alleges as follows:

### Nature of Action

1. This is an action by a former franchisee against its former franchisor to (a) compel the franchisor, pursuant to its agreement, to transfer ownership of the franchise's trademarks to the franchisees; (b) to compel a franchisor to transfer the recipes for certain dog treats and the cutters or molds for such treats to the Plaintiff; (c) for damages for wrongful termination of the franchise agreement; and (d) for attorneys' fees, costs and costs of this action. In brief, Defendants Just Dogs! Barkery, Inc. and its Chairman, Mark E. Kennison franchised to plaintiffs trademarks and a system for selling "gourmet" dog treats. After several years, the franchisor summarily terminated the franchise

agreements without cause and agreed to transfer the trademarks, trade secrets and goodwill to the franchisee. In accordance with that agreement, the franchisee has demanded assignment of the marks, but the franchisor and Mr. Kennison have refused. Accordingly, Plaintiff has brought this action to compel transfer of the marks, transfer of the trade secrets, including recipes and cookie cutters that go with the marks, and to recover damages incurred as a result of breach of contract and violation of the Minnesota Franchise Act.

## Jurisdiction and Venue

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a) in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Venue is proper in this district because a substantial portion of the acts and transactions alleged herein occurred here.

## Parties

3. Chewzy Dogs, LLC ("Chewzy Dogs") is a Minnesota limited liability company with its principal place of business within this district.

4. Just Dogs! Barkery, Inc. ("Just Dogs!") is, upon information of belief, a Nevada corporation with its principal place of business in Washington, P.A.

5. Mark E. Kennison ("Kennison") is a natural person and resident in Pennsylvania.

## Facts

6. In or about September 22, 2007, Chewzy Dogs entered into a franchise agreement with Just Dogs! pursuant to which Just Dogs! licensed

Chewzy Dogs to sell a line of premium, "gourmet" dog treats and the treats are prepared by or at the direction of Just Dogs! pursuant to proprietary recipes and processes, and are cut or molded into various shapes with a set of proprietary cutters and molds.

7. Chewzy Dogs opened a kiosk in the Mall of America which became very successful and developed a name and reputation with not only local customers but also out-of-towners who visited the mall from time to time.

8. The franchise agreement had a term of 10 years, and was renewable for additional terms of 10 years each. Additionally, under the Minnesota Franchise Act, Just Dogs! Could not terminate or refuse to renew the franchise agreement without notice, and good cause and an opportunity to cure any deficiencies.

9. On or about June 16, 2011, without prior warning or consultation, Just Dogs!, through Kennison, terminated all franchise agreements without cause or reason.

10. In connection with the termination of the agreement, Just Dogs! granted ownership to Chewzy Dogs "of the trademarks 'Just Dogs! Gourmet' and 'World's Tastiest Gourmet Dog Treats'," together with the trade secrets associated with the marks. Pursuant to that agreement, Chewzy Dogs wrote to Just Dogs! and requested a formal assignment of the trademark. By email response to counsel for Chewzy Dogs, Just Dogs! refused to do so.

## COUNT ONE
### (Breach of Contract/Specific Enforcement)

11. Plaintiffs repeat and reallege all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

12. Just Dogs! made an offer to Chewzy Dogs to transfer the trademarks and trade secrets to Chewzy Dogs, which offer Chewzy Dogs accepted. Accordingly, there was a binding agreement between Just Dogs! and Chewzy Dogs for the transfer of the trademarks and trade secrets.

13. Just Dogs! has failed and refused to honor the agreement to transfer the trademarks and trade secrets.

14. The trade secrets and trademarks are unique, and Chewzy Dogs cannot be made whole with money damages.

15. Accordingly, Chewzy Dogs is entitled to an order of specific performance directing Just Dogs! and Kennison to transfer the trademarks and trade secrets to Chewzy Dogs.

## COUNT TWO
### (Breach of Contract/Damages)

16. Plaintiffs repeat and reallege all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

17. Chewzy Dogs and Just Dogs! had a franchise agreement pursuant to which Chewzy Dogs was entitled to continue as a franchisee with the benefit of the guidance, direction and supervision of Just Dogs! as well as the benefits of

a franchise organization. Just Dogs! has repudiated its agreement with Chewzy Dogs.

18. As a result of Just Dogs! breach and repudiation of its franchise agreement, Chewzy Dogs has suffered damages in an amount to be determined at trial but in no event less than $250,000.

## COUNT THREE
### (Violation of Minnesota Franchise Act)

19. Plaintiffs repeat and reallege all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

20. The relationship between Chewzy Dogs and Just Dogs! was a franchise as that term is defined under the Minnesota Franchise Act, Minn. Stat. 80C.1 *et seq.*

21. Under the Minnesota Franchise Act, franchisor may not terminate or refuse to renew a franchisee except for good cause.

22. Just Dogs! has repudiated the franchise agreement between it and Chewzy Dogs and by doing so has terminated the agreement without good cause.

23. Under the Minnesota Franchise Act, Plaintiff is entitled to recover damages, which are estimated to be no less than $250,000, plus attorneys' fees and costs.

WHEREFORE, Chewzy Dogs respectfully request that the Court enter judgment in its favor:

(a) specifically directing that Just Dogs! Transfer to it the trademarks and trade secrets, including recipes and cookie cutters and molds;

(b) awarding damages in an amount to be determined at trial, but no less than $250,000;

(c) awarding attorneys' fees and costs; and

(d) for such other and further relief as the Court deems just and proper.

## Demand for Jury Trial

Plaintiffs, Chewzy Dogs, LLC demand a jury trial on all issues so triable, including the claims asserted by Just Dogs! Barkery, Inc., and Mark E. Kennison.

Dated: September 26, 2011                W. MICHAEL GARNER, P.A.

s/ W. Michael Garner
W. Michael Garner (#0274914)
222 South 9th Street
Suite 2930
Minneapolis, MN 55402
Telephone: 612-259-4801
Facsimile: 612-259-4810
wmgarner@franchisedealerlaw.com

ATTORNEYS FOR PLAINTIFF